I am imposing the maximum sentence and the reason that I am ordering them to run consecutive is for the reason you are a career criminal." Based upon his nine burglary convictions, and numerous other convictions, Jackson would have been subject to a sentence as a career offender regardless of the firearm or obstruction of justice enhancements imposed by the district court. Jackson cannot demonstrate that his sentence would probably have been more favorable had the district court not imposed the enhancements made suspect by the holding in *Booker.*

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

PER CURIAM.

Idaho prisoner Patrick Edward Smrz appeals the district court's [1] dismissal of his civil complaint for failure to state a claim. After de novo review, *see Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir.2000) (per curiam), we conclude dismissal was proper. Accordingly, we affirm. *See* 8th Cir. R. 47B.

**Patrick Edward SMRZ, Appellant,**

v.

**Tammy HARPER; John Doe; Jane Doe, Appellees.**

No. 04–3953.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 31, 2006.

Decided Feb. 8, 2006.

**UNITED STATES of America, Appellee,**

v.

**Troy BROWN, III, Appellant.**

No. 05–1890.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 2, 2006.

Decided Feb. 8, 2006.

Patrick Edward Smrz, Boise, ID, pro se.

Lawrence Elton Long, Attorney General's Office, Pierre, SD, for Appellees.

Thomas Joseph Mehan, U.S. Attorney's Office, St. Louis, MO, for Plaintiff–Appellee.

1. The Honorable Lawrence Piersol, Chief Judge, United States District Court for the District of South Dakota.